FILED

Dec 13 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ AmyC          DEPUTY

JEROME L. GRIMES, B.A, & MBA,

P.O. Box 2433

Eatonville, FL 32751

Telephone: (219) 808-0306

Email: j.grimes7145@o365.ncu.edu

PLAINTIFF, IN PRO SE

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

COMPLAINT CASE NO.   **'21 CV 2093 JLS  BLM**

Jerome L. Grimes,

Plaintiff,

vs.

1. A1-AUTO CARE, (A domestic for-profit corporation),
2. S & R TOWING, (A domestic for-profit corporation)
3. CARLSBAD AUTO SERVICE, INC., (A domestic for-profit corporation)
4. WAYNE MILACK,
      (of CARLSBAD, CALIFORNIA)

Defendants.

_____

## COMPLAINT

Plaintiff, JEROME L. GRIMES (JEROME L. GRIMES, B.A., & MBA),

individually, by and through undersigned IN PRO SE, plaintiff, hereby file this

"ORIGINAL" complaint against   S & R TOWING, LLC., ET., AL., (***Multiple*** *domestic*

*(LLC) limited liability corporations*), as follows; AND I declare under the penalty of perjury, under the laws of the (USA)    United States of America and Its Territories, that the foregoing is true and correct to the best of my knowledge and discovered through In Pro Se, Independent Investigation:

**1A.** This is an action brought under the jurisdiction of this Court invoked pursuant 28 U.S.C. 1332; Diversity of Citizenship of the Federal Rules of Civil Procedure, seeking damages and declaratory relief and involving an amount in controversy in excess of $75,000.

**2A.** Defendant, S & R TOWING, INC., is a domestic (LLC) limited liability corporation, incorporated under the laws of California with its principal place of business in Carlsbad, California, 3199 Tyler Street, Carlsbad, Carlsbad 92008, **(760) 547-6686**; **(800) 748-6686**, OWNED by DEFENDANT #: 2.

**2B.** Defendant, A1-AUTO CARE, is a domestic (LLC) limited liability corporation, incorporated under the laws of California with its principal place of business in Carlsbad, California, 3193 Tyler Street, Carlsbad, Carlsbad 92008, **(760) 729-5234**, OWNER of DEFENDANT #: 1; and CO-OWNER of DEFENDANT #: 3.

**2C.** Defendant, CARLSBAD AUTO SERVICE, INC., is a domestic (LLC) limited liability corporation, incorporated under the laws of California with its principal place of business in Carlsbad, California, 3181 Tyler Street, Carlsbad, Carlsbad 92008, **(760) 924-9600**, OWNED by DEFENDANT #: 2.

**2D.** Defendant, WAYNE MALICK, is a domestic (LLC) limited liability corporation, incorporated under the laws of California with its principal place of business in Carlsbad, California, 3199 Tyler Street, Carlsbad, Carlsbad 92008, **(760) 547-6686**; **(800) 748-6686**, CO-OWNER of DEFENDANT #: 3.

**3A.** The Plaintiff, JEROME L. GRIMES (PLAINTIFF) (PAYING CUSTOMER) is a citizen and resident of MacClenny, Florida.

**4A.**                                    GENERAL ALLEGATIONS

**5A.**    The DEFENDANT, S & R Towing, LLC., along with CO-DEFENDANTS: A1-AUTO CARE; CARLSBAD AUTO CARE, INC.; and WAYNE MILACK has "NEGLIGENTLY" caused substantial financial harm to the PLAINTIFF, Jerome L. Grimes' personal private property, i.e., **2018**, SUV-automobile VIN: **3N1CP5CU9JL524677**, while said automobile was situated on the Carlsbad, California facility, via a **September 20, 2021**, (State Actor)/Carlsbad Police automobile towing transaction, which FAILED the Duty of Care owed to the PLAINTIFF by the DEFENDANT, S & R TOWING, INC., and CO-DEFENDANTS who are all Liable, Co-liable, and Vicariously Liable for the NEGLIGENCE and SUPERVISORY NEGLIGENCE discovered through In Pro Se, Independent Investigation and the FACT that it takes ***teamwork/***(*Shills*) to REMOVE and REPLACE and TRANSPORTATION Vehicle/(Automobile TRANSMISSION).

**6A.** On, **September 20, 2021**, the DEFENDANT'S Paying Customer/(PLAINTIFF), Jerome L. Grimes, was a Victim of Automobile Tamper-Transmission Theft/(SWAP) with "MALICE" by the Defendant's EMPLOYEES and SHILLS next door to their S & R Tow Yard, i.e., A1-AUTO CARE and CARLSBAD AUTO SERVICE, INC., an automobile repair shop, which had the Intent to INTIMIDATE the PLAINTIFF for the sole-purpose TO ILLEGALY GAIN MORE TIME FOR CALIFORNIA PENAL CODE 664/187 "AGAINST" THE PLAINTIFF using Covert Remote Control 2018-Automobile ATTEMPTED Vehicular Manslaughter, i.e., Automobile Accident Rouse Masquerade ILLEGALLY INDUCED By An UNAUTHORIZED REMOTE CONTROL TRANSMISSION "ILLEGALLY" INSTALLED ONTO THE PLAINTIFF'S 2018-AUTOMOBILE WITH COVERT TRANSPORTATION VEHICLE TERROR INTENT *"without"* THE PLAINTIFF'S KNOWLEDGE **-or-** CONSENT amounting to MORE THAN   GRAND THEFT 2018-AUTOMOBILE TRANSMISSON "AGAINST" THE PLAINTIFF.

**7A.** On or about, **September 21, 2021**, the PLAINTIFF retrieved HIS/(PLAINTIFF'S) 2018-Automobile-SUV from the DEFENDANT and the Wheel Hub Bearing "immediately" went-out LULLING the "Detection" of the "Illegally and maliciously Installed" REMOTE CONTROL TRANSMISSION on the PLAINTIFF'S Personal Private Property 2018-automobile-SUV. The PLAINTIFF'S 2018-automobile became COINCIDENTALLY **inoperable** for (9) Nine days, from approximately: **October 08,**

**2021 -to- October 17, 2021**, and the PLAINTIFF'S 2018-automobile-SUV Front-right

Wheel Hub REPAIR costed **$200.00** (Two Hundred Dollars) after the, **September 21,**

**2021**, **$363.00** - Towing Storage FEES (Three Hundred And Sixty-three Dollars) PAID

to the DEFENDANT, PAID by the PLAINTIFF/(a "S & R TOWING Paying-Customer").

**November 16, 2021** the "Illegally Installed" REMOTE CONTROL 2018-Automobile

Transmission was DETECTED by the PLAINTIFF through "near swoop & swap diesel

truck simultaneous transmission remote control premeditated malfunction rouse

on Highway 78/(freeway) near City of Carlsbad, **11/16/2021**", i.e., California Penal

Code 664/187 – PREMEDITATED Attempt of Homicide via Illegally Installed Remote

Controlled Automobile TRANSMISSION on the PLAINTIFF'S 2018-automobile-SUV,

discovered through In Pro Se, Independent Investigation.

**8A.**     The above-mentioned "illegal swapping"/(grand theft 2018-automobile

transmission) belonging to the PLAINTIFF occurred on the premises of the

DEFENDANT, i.e., Vicarious Liability/Supervisory Negligence FAILURE of Duty of

Care on, **September 20, 2021 -through- September 21, 2021** and made the said

2018-automobile-SUV inoperable from, November 16, 2021 -through-

Present/(**12/07/2021**) (F.R.C.P. **33** & **34**).

**Standard of Review**

**Premises Liability:**  is established by "Premises liability" is the liability that a

landowner or occupier has for certain torts that occur on their land (*Turrisi  -v.-*

*Ponderosa, Inc.*, 179 A.D.2d 956 [3d Dep't 1992]).  In the premise liability case

*Ponderosa* moved for summary judgment dismissing the complaint on the ground

that it did not own, possess or control the parking lot area where *Turrisi* sustained

her injuries. -- *Turrisi v. Ponderosa, Inc.*, 179 A.D.2d 956, 957 (N.Y. App. Div. 1992).

But, in this HEREIN tort *Jerome L. Grimes  -vs-        S & R Towing, LLC.*, et., al., the

DEFENDANT possess dominion over their employees and control over their

employees on premises employment actions on, **September 20-21, 2021** (F.R.C.P.

**33** & **34**).

**Negligence:**  is established when one person owes a duty to another person even

if there is no contract between them.  In this HEREIN tort *Jerome L. Grimes  -vs- S*

*& R Towing, LLC.*, et., al., there was a binding contract that was established

between the DEFENDANT and State Actor, Carlsbad Police Department, the

**DEFENDANT'S** Carlsbad, California facility ***premises*** when the ***employees'***

swapped PLAINTIFF'S 2018-automobile-SUV TRANSMISSION while the

PLAINTIFF'S personal private property 2018-automobile-SUV was under the

dominion of the **DEFENDANT'S** Carlsbad, California facility ***premises*** on,

**September 20-21, 2021 (**date**),** where the **DEFENDANT'S Carlsbad, California**

facility *premises* **employees'** stole, swapped, and removed PLAINTIFF'S personal

item: TRANSMISSION from the PLAINTIFF'S 2018-automobile-SUV on the **dates**

mentioned- above and discovered through In Pro Se, Independent Investigation

(F.R.C.P. **33** & **34**).

### Four elements are required to establish a prima facie case of negligence:

1. the existence of a legal duty that the **DEFENDANT** owed to the PLAINTIFF (*emphasis added*).
2. **defendant's** breach of that duty (*emphasis added*).
3. PLAINTIFF'S sufferance of an injury (*emphasis added*).
4. proof that **defendant's** breach caused the injury (typically defined through proximate cause)(*emphasis added*).

"***Heaven v. Pender***, CA ((1883) 11 QBD 503, 52 LJQB 702, 49 LT 357, 47 JP 709)

has no bearing upon the present question. That case established that, under

certain circumstances, one man may owe a duty to another even though there is

no contract between them. If one man is near to another, or is near to the

property of another, a duty lies upon him not to do that which may cause a

personal injury to that other, or may injure his property."

### Judgment in ***Heaven v. Pender***

The Court of Appeal had to ask: What is the proper definition of a relation

between two parties, where it is not established by contract, which imposes on

one of them a duty to observe such ordinary care or skill as may be necessary to

prevent injury.

Two of the judges concluded that the defendant owed a duty of care as an owner of the land to the plaintiff, an invitee. The plaintiff was an invitee because the defendant had an interest in his work. Therefore, he could not be a volunteer *Heaven v. Pender*, CA ((1883) 11 QBD 503*).

**Financial Fraud:**  Bank fraud:  A fine of up to $1,000,000 and/or a **prison** sentence of up to 30 years.  Mail and wire fraud:  Both carry a maximum **prison** sentence of up to 20 years. If the scheme also involved a bank, the potential fine increases to up to $100,000: [18 U.S.C., Section 3553 (a)].

Trespass to chattel refers to a wrongful use of another person's property without his or her permission.  Trespass to Chattel is an intentional interference with another person's lawful possession of a personal property.  A "chattel" refers to any personal property, moving or unmoving.  In order to prove trespass to chattels, you are required to show the following elements:

- Intent to trespass:  Merely intending to do the act is enough to show this element of trespass.  You don't necessarily need to show intent to harm a specific person.
- Lack of owner's consent:  There must be an unauthorized, unlawful interference, which means the person interfered with or dispossessed the chattel without the owner's permission.
- Interference of chattels:  A person commits a trespass to chattel by (1) dispossessing another of the chattel, (2) using or intermeddling with a chattel in the possession of another, or (3) damaging the chattel. Interference does include dispossession of a chattel.

**9A.  Intimidation:**  is established by 18 USC 3553, 28 USC 994 stole the PLAINTIFF'S 2018-Automobile TRANSMISSION and COVERTLY SABOTAGED resulting in "extraordinary 2018-automobile repair fees" MONEY & TIME

"needed" for Ph.D. Graduate School lulled/lost/ (time-robbed) **October 08, 2021 - through- October 17, 2021**, and **November 16, 2021 -through- Present/(date-of-filing HEREIN)**.

**10A.**  The PLAINTIFF'S 2018-automobile-SUV TRANSMISSION "Fluids" ATTEMT-to-REPAIR approximately costed **$200.00** (Two Hundred Dollars) for (21) Twenty-one QUARTS of CVT Transmission Fluid purchased by the PLAINTIFF *"after"* the date of, **November 16, 2021**,

### Note 1

**Fair Debt Collection Practices Act of 1977**:  (FDCPA)  The *Fair Debt Collection Practices Act*, Pub. L. 95-109; 91 Stat. 874, codified as 15 U.S.C. § 1692 –1692p, approved on,  **September 20, 1977** is a consumer protection amendment, establishing legal protection from abusive debt collection practices, to the Consumer Credit Protection Act, as Title VIII of that Act.  The statute's stated purposes are: to eliminate abusive practices in the collection of consumer debts, to promote fair debt collection, and to provide consumers with an avenue for disputing and obtaining validation of debt information in order to ensure the information's accuracy.  The Act creates guidelines under which debt collectors may conduct business, defines rights of consumers involved with debt collectors, and prescribes penalties and remedies for violations of the Act.  It is sometimes used in conjunction with the Fair Credit Reporting Act.

**11A.**   The CUSTOMER SERVICE and the Duty of Care owed to the S & R TOWING, LLC., Consumer/(PLAINTIFF) for the DEFENDANT to prevent S & R TOWING, LLC.'S, et., al.'s Employees'/Shill's THEFT and FRAUD against the S & R TOWING, LLC.'S

Consumers/(PLAINTIFF)/( a "Paying Customer"), pursuant to an indefinite part of doing business by preventing NEGLIGENCE and/or Supervisory Negligence (Fair Debt Collection Practices Act of 1977).

> 1. The federal Fair Debt Collection Practices Act of 1977 forbids debt collectors from using obscene language, contacting third parties other than to locate the debtor (This provision is an attempt to prevent harm to the debtor's reputation.), using or threatening to use physical force, contact the debtor during "inconvenient" hours, repeatedly call with the intent to harass, or contact the debtor in an unfair, abusive, or deceptive manner.

> 2. Although fraud arises in countless situations and is difficult to define, the legal community has generally adopted the following elements, each of which must be proved: (1) Misrepresentation of a material fact. (2) The misrepresentation was intentional. (3) The injured party justifiably relied on the misrepresentation. (4) Injury resulted.

3.      One **example of procedural unconscionability** is the use of "fine print" in stating a contractual provision. A contract of adhesion is one that the courts will always enforce because of the strong public policy underlying such contract. Courts provide remedy for the breach of illegal agreements. A contract is most likely to be found **unconscionable** if both unfair bargaining and unfair substantive terms are shown. An absence of meaningful choice by the disadvantaged party is often used to **prove** unfair bargaining, i.e., **if** absence of ethical standards and protocol against S & R Towing, LLC.'S, Employees' THEFT against valuable items: (**$3,000.00**) Three Thousand Dollars)/approximate value, i.e., 2018-automobile-SUV CVT-TRANSMISSION belonging to the PAYING CUSTOMER, JEROME L. GRIMES (PLAINTIFF) that had His/(PLAINITFF'S) 2018-automobile-SUV "Temporarily" STORED at the DEFENDANT'S premises pursuant to California Vehicle Code 22651(h)(**Exh. A**).

(**See**:   Exhibit A, **4 -of- 4**, Carlsbad Police Department Arrest Contact Report, identified as CAD Event Number: **210079100**, **09/20/2021**, **07:10 A.M.**).

**Note 2**

1.      "General Liability Insurance Policy" means a general liability policy for that may cover the following claims:   Bodily injuries and property damage that a business may have caused.   This can include customer slip and falls or employee accidents, like breaking a client's windows while working at their Home.

**12A.**                                 COUNT I
DECLARATORY RELIEF REGARDING NEGLIGENCE AND GENERAL LIABILITY
INSURANCE COVERAGE

**13A.**  The Plaintiffs reallege and reaver the allegations contained in paragraphs 1A
-THROUGH- 11A above.

**14A.**  This is an action for declaratory relief against S & R TOWING, LLC., et., al., ,
pursuant to 28 U.S.C. Personal Property Tort Other Fraud, identified as 370 on the
Civil Cover Sheet JS44 Form.  Beyond a question of law and fact common to the
claim of the representative parties, i.e., defendants are covered in their general
liability insurance policy, and provides personal injury, i.e., grand theft of 2018-
automobile-SUV TRANSMISSION and intimidation known as negligence coverage to
individuals, invitees, and consumers *Stare Decisis*, trespass to the person when the
defendants incorporated domestic for-profit in California and said general liability
insurance is purchased. **(***Letang  -v.- Cooper***, 1 QB 232, EWCA Civ. 5, 2 Lloyd's
Rep. 339, 2 All ER 929 (1964))**.

**15A.**                                 COUNT II
INDIVIDUAL CLAIM OF JEROME L. GRIMES AGAINSTS "S & R TOWING, LLC.", FOR
FAILING TO PROVIDE DUTY TO VISITOR, I.E., GENERAL DUTY OF CARE

**16A.**  The Plaintiff JEROME L. GRIMES realleges and reavers the allegations
contained in paragraphs 1A through 11A and 12A through 14A above as if fully set
forth herein.

**17A.**  This is federal law cause of action against S & R TOWING, LLC., et., al.,
pursuant to 28 U.S.C. Other Personal Property Damage Tort, identified as 380 on
the Civil Cover Sheet JS44 Form.  Beyond a question of law and fact common to the
claim of the representative parties, i.e., defendants are covered in their general
liability insurance policy, and provides other personal injury, i.e., repairs costs of

damages sustained and intimidation known as supervisory negligence coverage to individuals, invitees, and consumers *Stare Decisis* jurisprudence of law when the defendants incorporated domestic for-profit in California and said general liability insurance is purchased with Duty of Care imposed by law defendant had breached. (*Rowland -v.- Christian*, 9 Cal. 2d 108 (1968)).

**18A.**   As a direct result of the negligence of the defendants for which general liability insurance coverage provides coverage to the invitees, consumers, and visitors, the Plaintiff JEROME L. GRIMES has sustained injuries and damages as follows:  (a) past and future emotional pain and suffering; (b) loss of capacity of enjoyment of life without that substantial financial personal private property of value of more than $7,000.00 (Seven Thousand Dollars) and Ph.D. Graduate School "interference & intimidation"; (c) expenses incurred to bring tort; (d) loss of **2022,** projected self-employment earnings; and (e) the aforementioned losses are either permanent or continuing and PLAINTIFF will suffer losses in the future.

WHEREFORE, the Plaintiff JEROME L. GRIMES demands judgment against the Defendant: S & R TOWING, LLC., et., al., for compensatory damages, costs to bring suit, 2018-Automobile Towing and Storage Costs and **any** other relief deemed just and proper.  In addition, the PLAINTIFF demands trial by jury of all issues so triable.

**19A.**                                          COUNT III

INDIVIDUAL CLAIM OF JEROME L. GRIMES AGAINST S & R TOWING, LLC., ET., AL.,
FOR OTHER CIVIL RIGHTS

**20A.**   The Plaintiff JEROME L. GRIMES realleges and reavers the allegations contained in paragraphs 1A through 18A above as if fully set forth herein.

**21A.**   This is federal law cause of action against S & R TOWING, LLC., et., al., pursuant to 28 U.S.C., Other Civil Rights Tort, identified as 440 on the Civil Cover

Sheet JS44 Form.  Beyond a question of law and fact common to the claim of the representative parties, i.e., defendants are covered in their general liability insurance policy, and provides other civil rights, i.e., fraudulent conversion and trespass to chattels known as supervisory negligence coverage to individuals, invitees, and consumers *Stare Decisis* jurisprudence of law when the defendants incorporated domestic for-profit in California and said general liability insurance is purchased with Duty of Care imposed by law defendants had caused substantial financial harm through NEGLIGENCE, GRAND THEFT, and FRAUD against the plaintiff on, ⟶ **September 21, 2021**. (*Rowland -v.- Christian*, 9 Cal. 2d 108 (1968)**)**.

In addition, the Plaintiff demands trial by jury of all issues so triable.

WHEREFORE, the Plaintiff JEROME L. GRIMES demands judgment against

the Defendants: S & R TOWING, LLC.; A1-AUTO CARE; CARLSBAD AUTO

SERVICE, INC.; and WAYNE MALICK for compensatory damages, costs,

culpable damages and declaratory relief and involving an amount in controversy

in the SUM Certain Amount of: **$300,000.00** (Three Hundred Thousand Dollars),

equaling a $75,000.00 in EACH CO-DEFENDANTS' individual capacity, and any

other relief deemed just and proper.

Dated: December 07, 2021                    JEROME L. GRIMES

                                        Jerome L. Grimes, B.A., & MBA,

                        Ph.D. Graduate Student in Psychology at NCU online

                                        In Pro Se, PLAINTIFF


Plus (1) One-Reference; (1) One-Exhibit.

References

*Anderson  -v.-  Creighton*, 483 U.S. 635, 640 (1987).

*Le Lievre v. Gould* 1 Q.B. 491, 497 (1893).

*Letang  -v.- Cooper*, 1 QB 232, EWCA Civ. 5, 2 Lloyd's Rep. 339, 2 All ER 929

(1964)**)**.

*Rowland  -v.-  Christian*, 9 Cal. 2d 108 (1968).

*Turrisi v. Ponderosa, Inc.*, 179 A.D.2d 956, 957 (N.Y. App. Div. 1992).

We consulted Google search (Intimidation).

We consulted Google search (Negligence).

We consulted Google search (Premise Liability).

Exhibits

**Exhibit 1:**  Carlsbad police Incident Report, **4 of 4**, **210079100**, **09/20/2021**, **07:10 A.M, September 20, 2021**.

In ProSe, Plaintiff's — Exhibit 1



## Carlsbad Police Department
## Arrest/Juvenile Contact Report

| | | |
|---|---|---|
| | Case No. | **2106301** |
| CAD Event No : **210079100** | Case Disposition: | **Arrest** |
| Primary Victim: **State of California** | Report No. | **2106301.1** |

**4**
Page 4 of 4

Due to Grimes' arrest the vehicle was stored per 22651(h) VC using S&R Towing. Grimes' vehicle was additionally parked on the curb in front of a fire hydrant. A search of Grimes' person and vehicle revealed no weapons or contraband.

I then transported Grimes to VDF where he was booked under the Orange County, Florida warrant # 482019CF0117480 without incident.

This incident was recorded using my body-worn camera which was later downloaded into the CBPD digital evidence system.

EVIDENCE

1.      BWC video; entered into CBPD digital evidence.

*Plaintiff's — Exhibit 1*

| Reporting Officer | Division / Organization | Reviewed By |
|---|---|---|
| **CB5485 - Kearney, Sean** | **Investigations** **Crimes of Violence** | **CB5237 - Jackowski, Jason** |
| Report Date | Detective Assigned | Reviewed Date |
| **9/20/2021 7:10:41 AM** | | **09/20/2021 11:53:42** |
| NetRMS_CASDCR.rtf v11-15-06 | Printed By cb6035 | Printed: October 26, 2021 - 2:21 PM |