1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME L. GRIMES, an individual,<br><br>                              Plaintiff,<br><br>v.<br><br>A1-AUTO CARE, a California limited liability company; S & R TOWING, INC., a California corporation; CARLSBAD AUTO SERVICE, INC., a California limited liability company; WAYNE MILACK,<br><br>                              Defendant. | Case No.: 21cv02093-LL-BLM<br><br><br>**ORDER:**<br><br>**(1) DENYING *IN FORMA PAUPERIS* MOTION AS MOOT**<br>**(2) DISMISSING COMPLAINT**<br><br>**[ECF Nos. 1, 2]** |

## I.    INTRODUCTION

Presently before the Court is the Motion to Proceed *In Forma Pauperis* ("IFP") of Plaintiff Jerome L. Grimes, an individual ("Plaintiff").  ECF No. 2 ("Mot.").  Plaintiff, proceeding *pro se*,[1] alleges that Defendants A1-Auto Care, Inc., a California corporation

---

[1] In reviewing the instant motion, the Court is mindful that "[a] document filed *pro se* is to be liberally construed … and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted); *see also Hearns v.*

1

("A1-Auto"); S & R Towing, Inc., a California corporation ("S & R"); Carlsbad Auto Service, Inc., a California corporation ("CAS"); and Wayne Milack (collectively, "Defendants")[2] attempted to commit manslaughter by covertly replacing his vehicle transmission while it was in a tow yard. *See generally* ECF No. 1 ("Complaint" or "Compl."). Having considered carefully Plaintiff's Complaint, IFP Motion, and the applicable law, the Court (1) **DENYING** Plaintiff's Motion to Proceed IFP as moot and (2) **DISMISSES** the Complaint without prejudice.

## II.   BACKGROUND

### A.   Statement of Facts

Plaintiff, a Florida citizen and resident, alleges that he has a B.A. and M.B.A. Compl. at ¶ 3A. He also pleads that he is a Ph.D. graduate student in psychology at NCU online. *Id.*

On September 20, 2021, the Carlsbad Police Department arrested Plaintiff. Compl. at 18. Due to his arrest, Plaintiff's 2018 SUV, Vehicle Identification Number 3N1CPSCU9JL524677 (the "Vehicle) was stored pursuant to California Vehicle Code section 22651(h)[3] using S&R Towing. *Id.* at 3, 18. The exhibit to his complaint shows

_____

*Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).

[2] Plaintiff inconsistently alleged each defendant's entity status in the complaint (*e.g.*, Plaintiff alleged each entity was a limited liability corporation rather than a corporation or limited liability company and did not allege the residency of each member of any alleged limited liability company). *See* Compl. at 2, ¶¶ 2A-2D. Because the corporate entity is relevant to whether Plaintiff adequately alleged diversity jurisdiction, the Court takes judicial notice, *sua sponte*, of the publicly available facts regarding each entity's status from the California Secretary of State's website. *See* Fed. R. Evid. 201(c)(1) (allowing courts to take judicial notice *sua sponte*); *L'Garde, Inc. v. Raytheon Space and Airborne Sys.*, 805 F. Supp. 2d 932, 937-38 (C.D. Cal. 2011) (taking judicial notice of records from the California Secretary of State website); *see also* https://www.sos.state.co.us/ucc/pages/biz/bizSearch.xhtml (showing Defendants' corporate statuses). These records also show that while Plaintiff alleges Wayne Milack is a limited liability company, he is, in fact, an individual as well as the agent for service of process for CAS.

[3] This provision allows a peace officer "who is engaged in directing traffic or enforcing parking laws and regulations, of a city … in which a vehicle is located" to "remove a

that he was transported to the Vista Detention Facility, where he was booked under an Orange County, Florida warrant. *Id.* Plaintiff was required to pay $363.00 in towage storage fees to S & R in order to retrieve his Vehicle. *Id.* at 5, ¶ 7A.

Plaintiff alleges that while his Vehicle was in S & R's tow yard, the neighboring auto repair shops, A1-Auto and CAS, used "[c]overt [r]emote [c]ontrol … [attempted] Vehicular Manslaughter, i.e., [an] Automobile Accident Rouse Masquerade ILLEGALLY INDUCED By An UNAUTHORIZED REMOTE CONTROL TRANSMISSION 'ILLEGALLY' INSTALLED ONTO THE PLAINTIFF'S 2018-AUTOMOBILE WITH COVERT TRANSPORTATION VEHICLE TERROR INTENT." Compl. at 4, ¶ 6A.

On September 21, 2021, Plaintiff retrieved his Vehicle and alleges "the Wheel Hub Bearing 'immediately' went-out LULLING the 'Detection' of the '[i]llegally and maliciously [i]nstalled' REMOTE CONTROL TRANSMISSION." Compl. at 4, ¶ 7A. Between September 2021 and October 17, 2021, he pleads that he had to have his front right wheel hub repaired for $200.00. *Id.* at 5. Further, from October 8, 2021 to October 17, 2021, Plaintiff's Vehicle became inoperable. *Id.* at 4-5, ¶ 7A.

On November 16, 2021, Plaintiff detected the allegedly illegally installed remote control transmission through "near swoop & swap diesel truck simultaneous transmission remote control premeditated malfunction rouse on Highway 78/(freeway)." Compl. at 5, ¶ 7A. Plaintiff alleges that to date, the Vehicle remains inoperable. *Id.* at 5, ¶ 8A.

## B. Procedural History

On December 13, 2021, Plaintiff filed his complaint alleging three claims for relief for (1) declaratory relief regarding negligence and general liability insurance coverage; (2) an "individual claim" against Defendants for failing to provide duty to a visitor; and (3) an individual civil rights claim. Compl. at 13-15, ¶¶ 17A-21A. That same day, Plaintiff also filed the instant IFP motion. ECF No. 2.

---

vehicle …. [i]f an officer arrests a person driving … a vehicle for an alleged offense and the officer is … required or permitted to take … the person into custody." Cal. Veh. Code § 22651(h)(1).

3

### III.    DISCUSSION

The Court is obligated to screen all cases filed IFP pursuant to 28 U.S.C. § 1915(e)(2).  *See, e.g.*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2002) (per curiam) (holding 28 U.S.C. § 1915(e)(2) screening applies to non-prisoners proceeding IFP); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)).  Under this statute, the Court must *sua sponte* dismiss a complaint, or any portion of it, that (1) is frivolous, malicious, (2) fails to state a claim, or (3) seeks damages from defendants who are immune.  *See Lopez*, 203 F.3d at 1126–27; *see also* 28 U.S.C. § 1915(e)(2)(B).  Courts "may consider facts contained in documents attached to the complaint" to determine whether the complaint states a claim for relief.  *Nat'l Assoc. for the Advancement of Psychoanalysis v. Cal. Bd. of Psychol.*, 228 F.3d 1043, 1049 (9th Cir. 2000).  The screening mechanism serves "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), *abrogated on other grounds in Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007).

As set forth below, the Court addresses the screening of Plaintiff's complaint first and finds the complaint fails to state a claim for relief.  Because the Court dismisses Plaintiff's complaint *without prejudice*, the Court also **DENIES** Plaintiff's IFP motion *without prejudice* as moot.

### A.    Screening Pursuant to 28 U.S.C. § 1915(e)(2)

"The language of § 1915(e)(2)(B)(ii)" governing dismissal of frivolous IFP cases, "parallels the language of Federal Rule of Civil Procedure 12(b)(6)."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  Yet, "frivolousness" within the meaning of the IFP standard and failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") remain distinct concepts.  *See Deschamps v. City of Sausalito*, No. 22-cv-00928-LB, 2022 U.S. Dist. LEXIS 31149, at *5, 2022 WL 521457, at *2 (N.D. Cal. Feb. 16, 2022), *report and recommendation adopted in part, rejected in*

4

*part on other grounds,* 2022 WL 528105 (N.D. Cal. Feb. 22, 2022).   When a court considers whether a complaint states a claim upon which relief can be granted under Rule 12(b)(6), the court is not only limited to the face of the complaint, *see Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002), but it must also accept the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor, *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). When a court evaluates whether a *pro se* complaint qualifies as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), on the other hand, it may "pierce the veil of the complaint's factual allegations" and need not "accept without question the truth of the plaintiff's factual allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke*, 490 U.S. at 325).

"[A] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal quotations and citations omitted) (quoting *Neitzke*, 490 U.S. at 325, 327-28).   The Supreme Court has expressly "decline[d] the invitation to reduce the 'clearly baseless' inquiry to a monolithic standard," instead leaving it to the discretion of district courts, suspecting they would "'all too familiar' with [such] factually frivolous claims." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (quoting *Neitzke*, 490 U.S. at 328).   However, it has set forth the following insight into when courts should dismiss on the basis of frivolousness:

> [A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.   An *in forma pauperis* complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely.   Some improbable allegations might properly be disposed of on summary judgment, but to dismiss them as frivolous without any factual development is to disregard the age-old insight that many allegations might be "strange, but true; for truth is always strange, Stranger than fiction."

1   *Denton*, 504 U.S. at 33; *see also Hernandez v. Denton*, 966 F.2d 533, 533 (9th Cir. 1992).

2       Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") requires that for a pleading

3   to state a claim for relief, it must contain the following elements:

4       (1) a short and plain statement of the grounds for the court's

5           jurisdiction, unless the court already has jurisdiction and the
            claim needs no new jurisdictional support;

6       (2) a short and plain statement of the claim showing that the

7           pleader is entitled to relief; and

8       (3) a demand for the relief sought, which may include relief in
            the alternative or different types of relief.

9   Fed. R. Civ. P. 8(a).

10      As set forth below, the Court finds that Plaintiff's complaint warrants screening

11  under Rule 8(1) and (2).  The Court addresses whether the complaint states a claim under

12  Rule 8(a)(2) first.

13          **1.    *Plaintiff has Failed to State a Claim for Relief***

14      Plaintiff's claims, although difficult to decipher, appear to allege a conspiracy to

15  fraudulently install a transmission in his Vehicle while it was in a towing yard for the

16  purpose of attempting to kill him.  Compl. at 4, ¶ 6A.  To the extent Plaintiff's complaint

17  alleges criminal actions, such as "grand theft" and "attempted vehicular manslaughter," *see*

18  *id.*, such criminal claims may not be pursued in a civil lawsuit.  *But see United States v.*

19  *Duran*, 41 F.3d 540, 544 (9th Cir. 1994) ("If the prosecutor has probable cause to believe

20  a defendant committed a crime, the decision of whether to prosecute and the charges to be

21  filed rests with the prosecutor.").  To the extent Plaintiff intends to allege other claims for

22  relief, as set forth below, the Court finds those other claims also fail to state sufficient facts

23  to state a claim for relief under Rule 8.

24          a.    *First Claim for Relief*

25      Plaintiff's First Claim for Relief seeks declaratory relief against defendants for fraud,

26  alleging that "[D]efendants are covered in their general liability insurance policy, and

27  provides personal injury, i.e., grand theft of … [his] TRANSMISSION."  Compl. at 13, ¶

28  14A.  He pleads this claim "is an action for declaratory relief … pursuant to 28 U.S.C.

Personal Property Tort Other Fraud, identified as 370 on the Civil Cover Sheet JS44 Form." Compl. at 13, ¶ 14A.  The form he refers to, which is the Southern District's Civil Case Cover Sheet, lists options for the "Nature of Suit," and under torts against personal property, 370 is listed for "Other Fraud."  ECF No. 1-1.  In an effort to liberally construe his complaint, *see Pardus*, 551 U.S. at 94, and given it is labeled as a declaratory relief claim but also references insurance coverage, the Court liberally construes this claim as either a claim for declaratory relief, fraud, or bad faith.  In either scenario, the claim fails.

### i.  Declaratory Relief

If Plaintiff means to plead a claim for declaratory relief, his complaint fails to allege sufficient facts.  The Declaratory Judgments Act of 1934 provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  Courts may grant declaratory relief "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."  *Bilbrey by Bilbrey v. Brown*, 738 F.2d 1462, 1470 (9th Cir. 1984); *see also Nev. Deanza Family Ltd. P'ship v. Tesoro Ref. & Mktg. LLC*, 474 F. Supp. 3d 1087, 1096-97 (N.D. Cal. 2020).  A controversy sufficient to warrant declaratory relief arises where "there is a 'substantial controversy, between parties having adverse legal rights, or sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Valley View Health Care, Inc. v. Chapman*, 992 F. Supp. 2d 1016, 1041 (E.D. Cal. 2014) (quoting *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

Here, Plaintiff has not alleged facts indicating that he and Defendants have adverse interests, such as by pleading that he submitted a claim for damages to them, which they denied.  He also fails to allege facts indicating that a declaratory relief judgment would settle the relations between the parties.  *Bilbrey*, 738 F.2d at 1470.  Thus, to the extent Plaintiff intended to state a claim for relief for declaratory relief, he has failed to plead

sufficient facts to do so.

### ii.    Bad Faith

To the extent Plaintiff's claims all allege that Defendants have commercial general liability insurance, *see* Compl. at 13-15, ¶¶ 14A, 17A, 21A, and he may have intended to plead a bad faith claim against Defendants' insurers (if any), that claim fails as well.  To state a claim for breach of the implied covenant of good faith and fair dealing in the denial of coverage context, which is sometimes referred to as a "bad faith claim," "the plaintiff must show that: (1) benefits due under the policy were withheld; and (2) the reason for withholding benefits was unreasonable or without proper cause." *Align Tech., Inc. v. Fed. Ins. Co.*, 673 F. Supp. 2d 957, 965 (N.D. Cal. 2009) (quoting *Love v. Fire Ins. Exch.*, 271 Cal. App. 3d 1136, 1151 (1990)) (internal quotations omitted).  Here, beyond Plaintiff's conclusory allegations, Plaintiff fails to allege any non-conclusory facts showing that (1) all four Defendants have commercial general liability insurance policies; (2) he is entitled to benefits under that policy that were withheld; and (3) the reason for withholding the benefits was unreasonable.  Thus, he has failed to state a claim for bad faith against Defendants' insurance carriers.

Additionally, even if he had made such allegations, in order for the Court to order Defendants' insurers, who are not parties to this lawsuit, to pay Plaintiff money, the Court would need personal jurisdiction over these insurers, which is impossible given they are neither parties to this lawsuit nor have they been served.  *Pennoyer v. Neff*, 95 U.S. 714 (1877), *overruled in part by Shaffer v. Heitner*, 433 U.S. 186 (1977).  Thus, to the extent his claim is, in fact, a bad faith claim against the insurance carriers, he lacks standing to sue for such a claim as he has not shown that his claim was denied.

Accordingly, any intent to plead a bad faith claim against Defendants fails as matter of law.  Plaintiff has stated insufficient facts to plead such a claim and has failed to name the correct parties.

### iii.    Fraud

To the extent Plaintiff's claim is a direct claim against Defendants for a fraudulent

8

scheme to replace his transmission, this claim fails as well.  "The elements of fraud are (1) misrepresentation; (2) knowledge of falsity; (3) 'intent to defraud, i.e., to induce reliance;' (4) justifiable reliance; and (5) resulting damage."  *Dent v. Nat'l Football League*, 902 F.3d 1109, 1125 (9th Cir. 2018) (citing *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 974 (1997), *as modified* (July 30, 1997).  "[C]laims sounding in fraud are subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure, which requires that a plaintiff alleging fraud 'must state with particularity the circumstances constituting fraud.'"  *Goldstein v. Gen. Motors LLC*, 445 F. Supp. 3d 1000, 1010 (S.D. Cal. 2020); *see also* Fed. R. Civ. P. 9(b) (requiring that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constitute fraud or mistake").  In order to meet Rule 9's heightened pleading standard, "the circumstances constituting the alleged fraud [must] be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong."  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotations omitted).  Thus, pleading claims for relief for fraud require "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (internal quotation marks omitted); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged.") (internal quotation marks omitted).

Here, Plaintiff has failed to allege any of the elements of fraud beyond conclusorily alleging Defendants committed fraud, which does not satisfy the *Twombly-Iqbal* standard. Liberally construing Plaintiff's complaint in his favor, the Court finds that Plaintiff has plead that Defendants' fraudulent scheme caused him monetary damages in the form of costs to repair his car.  Compl. at 4, ¶ 7A.  However, he fails to allege any of the other elements required for fraud.  For instance, he does not allege (1) Defendants made any misrepresentations to him; (2) knew those misrepresentations were false; (3) intended to

induce Plaintiff's reliance; and (4) that Plaintiff justifiably relied on those misrepresentations. He also fails to allege the time, place, and specific content of the false representations. *Swartz*, 476 F.3d at 764.

Thus, the Court finds that Plaintiff's First Claim for Relief fails to state a claim for relief for declaratory relief, bad faith, or fraud.

### iv.   *Second Claim for Relief for Negligence*

Plaintiff's Second Claim for Relief appears to seek repair costs for his Vehicle in the form of compensatory damages, his costs of suit, towing and storage costs, and any other relief. Compl. at 13-14, ¶¶ 17A. He seeks "(a) past and future emotional pain and suffering; (b) loss of capacity of enjoyment of life without that substantial financial personal private property of value of more than $7,000.00 (Seven Thousand Dollars) and Ph.D. Graduate School "interference & intimidation"; (c) expenses incurred to bring tort; (d) loss of 2022, projected self-employment earnings; and (e) the aforementioned losses are either permanent or continuing and PLAINTIFF will suffer losses in the future." Compl. at 14, ¶ 18A. There are numerous issues with the damages Plaintiff seeks, which the Court addresses below when analyzing whether Plaintiff has met the amount in controversy; however, the Court now addresses the other elements of negligence, which Plaintiff has also failed to plead.

First, Plaintiff fails to allege the basic requirements of negligence. Under California law, "the 'plaintiff in a negligence suit must demonstrate [1] a legal duty to use due care, [2] a breach of such legal duty, and [3] the breach as the proximate or legal cause of [4] the resulting injury.'" *Steinle v. United States*, 17 F.4th 819, 822 (9th Cir. 2021) (quoting *Vasilenko v. Grace Fam. Church*, 3 Cal. 5th 1077, 1083 (2017)).

"The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence." *Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965, 987 (N.D. Cal. 2014) (dismissing a negligence claim with leave to amend where the plaintiff failed to allege any facts to raise a reasonable inference that the defendants owed him a duty of care) (quoting *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal.

App. 3d 1089, 1095 (1991)).  "[A] plaintiff's 'inability to plead a duty of care . . . precludes his maintenance of a cause of action on any negligence theory.'"  *Reyes v. Wells Fargo Bank, Nat'l Ass'n*, No. EDCV 17-909-JFW(KKx), 2017 U.S. Dist. LEXIS 198129, at *20 (C.D. Cal. Aug. 17, 2017) (citing *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 349 (1997)).

Plaintiff fails to plausibly allege Defendants owed him a legal duty of care.  He appears to allege all Defendants owed him a duty of care because "there was a binding contract … between DEFENDANT [he does not specify which one] and State Actor, [the] Carlsbad Police Department."  Compl. at 6.  As Plaintiff notes in this complaint, *see id.* at 6, a contract is not required to establish negligence.  Further, the Court fails to see how a contract between one of the Defendants and the Carlsbad Police Department would create a duty of care owed to Plaintiff.  Even *assuming arguendo*, (1) Defendants owed Plaintiff a duty of care not to tamper with his Vehicle and (2) Defendants breached that duty of care by tampering with his Vehicle transmission, Plaintiff fails to explain how, other than the repair costs totaling $200.00, Defendants' breach caused Plaintiff the various damages he alleges that are required to meet the amount in controversy.  "The required element of legal causation has two components: 'cause in fact and proximate cause.'"  *Steinle v. United States*, 17 F.4th 819, 822 (9th Cir. 2021) (citing *S. Coast Framing, Inc. v. Workers' Comp. Appeals Bd.*, 61 Cal. 4th 291, 298 (2015)).  Here, Plaintiff has alleged neither.

Thus, the Court finds Plaintiff's Second Claim for Relief also fails to state a claim for relief and is also subject to dismissal.

### v.    *Third Claim for Relief for Civil Rights Action*

Plaintiff's Third Claim for Relief pleads a civil rights tort against Defendants for their negligence and supervisory negligence in removing and replacing his transmission.  Comp. at 14-15, ¶ 21A.  Plaintiff also fails to allege which, if any, of his civil rights were violated or how those rights were violated.  The Court bears in mind that "[i]n civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt."  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  However, even liberally construing Plaintiff's claims

under potential federal civil rights laws, his claim fails.

First, Plaintiff cannot state a claim for relief pursuant to the Civil Rights Act of 1964, because that law prohibits discrimination on the basis of his race, color, national origin, sex, and national origin in employment.  42 U.S.C. § 1981, *et seq.*  Here, Plaintiff alleges neither facts showing he had an employment relationship with Defendants nor facts indicating he suffered any discrimination on the basis of his membership in one of the aforementioned protected classes.

Second, to the extent Plaintiff intended to plead a civil rights violation under 42 U.S.C § 1983, he pleads insufficient facts to state a claim for relief under this statute as well.  Under this federal civil rights law, "[e]very person who, under color of any statute … of any State … subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law."  42 U.S.C. § 1983.  Thus, to state a claim under Section 1983, a plaintiff must allege (1) the violation of a right secured by the Constitution and laws of the United States and (2) that the alleged deprivation was committed by a person acting under color of state law.  *Id.*; *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Belgau v. Inslee*, 975 F.3d 940 (9th Cir. 2020).  Here, Plaintiff has alleged neither (1) a violation of rights secured by the Constitution and laws of the United States nor (2) that the Defendants, when committing the acts alleged in the complaint, were acting under color of state law.

Third, to the extent he intended to plead the claim as one brought under 42 U.S.C. § 1985, which provides a cause of action that allows private litigants to sue for damages where "two or more persons" have conspired to deprive them of their federal civil rights, that claim fails as well.  *See* 42 U.S.C. § 1985(3).  A claim under section 1985(3) requires that Plaintiffs allege four elements:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities

12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Fazaga v. Fed. Bureau of Investigation*, 965 F.3d 1015, 1059 (9th Cir. 2020), *cert. granted*, 141 S. Ct. 2720 (2021) (quoting *United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983)).  Here, Plaintiff has not alleged that Defendants conspired to deprive him "of the equal protection of the laws, or of equal privileges and immunities under the laws."  *Fazaga*, 965 F.3d at 1059.  He also fails to allege "the existence of 'an agreement or meeting of the minds to violate constitutional rights.'"  *Mendocino Env't Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1301-02 (9th Cir. 1999) (quoting *United Steelworkers of America v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (en banc)).  Thus, he cannot state a civil rights violation under this provision either.  *See also Springfield v. Hudson*, No. 2:22-cv-0328 CKD P, 2022 U.S. Dist. LEXIS 47294, at *4 (E.D. Cal. Mar. 16, 2022) (finding "vague and conclusory allegations of official participation in civil rights violations are not sufficient") (citing *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that "[a] plaintiff must allege facts, not simply conclusions, that show that the individual was personally involved in the deprivation of his civil rights").

A district court may dismiss a complaint as frivolous if the (1) complaint is "based on indisputably meritless legal theories" or (2) "factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Again, in his civil cover sheet, Plaintiff checked a box indicating that he brings a claim under box 370 (Other Fraud); however, his complaint alleges that he also believes he has claims under boxes 380 (Other Personal Property Damage) and 440 (Other Civil Rights).  Compl. at 13-15, ¶¶ 14A, 17A, 21A.  No facts are alleged in support of the fraud and civil rights claims, and to the extent he alleges personal property damage from

13

negligence, he does not allege how Defendants' behavior proximately caused his damages. As a result, Plaintiff's filing fails to comply with Rule 8. *See* Fed. R. Civ. P. 8(a)(2) (a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief"); *McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (upholding Rule 8 dismissal of a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980) (upholding Rule 8 dismissal of "confusing, distracting, ambiguous, and unintelligible pleadings").   Plaintiff's conclusory references to "covert transportation vehicle terror intent," "2018-automobile attempted vehicular manslaughter, *i.e.*, automobile accident rouse masquerade," and "premeditated attempt of homicide via illegally installed remote controlled automobile transmission," among other allegations, result in a filing that runs afoul of Rule 8.  Although federal pleadings standards are lenient, plaintiffs must still allege sufficient facts to state a claim, and this Court concludes that, in this case, Plaintiff has not done so.

Nonetheless, Plaintiff is given leave to file an amended complaint.  In drafting the amended complaint, Plaintiff should include a short and plain statement of his claim, laying out the facts of his case, how each of the defendants have harmed him, and why those defendants should be held liable for his injuries.  The amended complaint does not need to be extremely detailed, but it should include enough information for the Court and Defendants to understand the claims being made against them.

## 2.    *Plaintiff has Failed to Plead Federal Jurisdiction*

As to the first requirement under Rule 8, federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Consequently, district courts are presumed to lack jurisdiction unless the Constitution or a statute expressly provides otherwise.  *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Generally, federal subject matter jurisdiction exists due to the presence of a federal question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see* 28 U.S.C. § 1332.  Here, Plaintiff alleges diversity of citizenship pursuant to

28 U.S.C. § 1332 due to diversity of citizenship and an amount-in-controversy in excess of $75,000.00.  Comp. at 2-3, ¶¶ 1A-3A.

Section 1332(a) is a law of the United States vesting district courts with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).  However, in a case where there are more than two defendants, complete diversity must exist, meaning that all parties on opposite sides of the case must be from different states.  *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806), *overruled in part on other grounds by Louisville, C. & C.R. Co. v. Letson*, 43 U.S. 497 (1844), *overruled in part by Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).  Here, Plaintiff alleges that he is a Florida citizen and resident, while he alleges, and the Court has taken judicial notice of the fact, that all Defendants are California citizens and residents.  *See* Compl. at 2, ¶¶ 2A-2D.  Thus, he has sufficiently alleged complete diversity.  However, diversity jurisdiction also requires that "the matter in controversy ***exceeds*** the sum or value of $75,000, <u>exclusive of interest and costs</u>" in order for a case to be removeable.  28 U.S.C. § 1332(a)(1) (emphasis added).  The amount in controversy encompasses "all relief a court may grant on that complaint if the plaintiff is victorious."  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018).  Here, Plaintiff alleges out of pocket costs for repairs to his Vehicle in the amounts of $200.00 in repair costs and $363.00 in towing storage fees.  Compl. at 5, ¶ 7A.  Yet, Plaintiff seeks $300,000.00 ($75,000.00 from all four Defendants) for his claims.  *Id.* at 15.

First, Plaintiff may not recover the costs to tow his Vehicle given they arose from his arrest and in compliance with the California Vehicle Code.  Additionally, the actions he alleges caused him harm (*i.e.*, tampering with his Vehicle) occurred ***after*** it was towed, so Defendants' actions post-towing could not have caused damages pre-towing.  To the extent he seeks reimbursement for the towing costs on the basis of his car being tampered with there, he is not entitled to a refund; however, he may be entitled to whatever damages arose as a result of the alleged transmission swapping.

Second, to the extent, Plaintiff seeks "past and future emotional pain and suffering," he pleads no facts indicating he has suffering emotional pain and suffering.  Generally, there are three ways to recover emotional distress damages in negligence cases under California law: (1) parasitic damages arising from actual physical injury; (2) bystander damages; and (3) direct victim damages.  *Robinson v. United States*, 175 F. Supp. 2d 1215, 1224 (E.D. Cal. 2001) (citing *Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.*, 48 Cal. 3d 583, 588 (1989)).  First, "[a]llegations of physical injury are absent here."  *Abarca v. Merck & Co.*, No. 1:07-CV-0388 DOC (DLBx), 2012 U.S. Dist. LEXIS 57370, at *25-26 (E.D. Cal. Apr. 16, 2012) (noting that "Plaintiff's allegation of physical pain and suffering is conclusory, and therefore insufficiently pleaded").  Second, "[t]o recover bystander damages, a plaintiff must be closely related to an injured party, be present at the scene of the event when the injury occurred, and suffer emotional distress."  *Id.* (citing *Thing v. La Chusa*, 48 Cal. 3d 644, 647 (1989)).  Here, Plaintiff does not allege he witnessed the injury of any close relations.  Third, "[t]o recover as a direct victim, a plaintiff must be owed a special duty by the party that caused the harm."  *Id.* (citing *Robinson*, 175 F. Supp. 2d 1215, 1226-29).  However, Plaintiff has also not alleged that Defendants owe him a special duty.  Thus, Plaintiff has failed to show that his alleged emotional distress damages claim would be an actionable injury if inflicted by a private party, such that these damages should be dismissed.

Third, Plaintiff pleads "loss of capacity of enjoyment of life without that substantial financial personal private property of value of more than $7,000.00 (Seven Thousand Dollars) and Ph.D. Graduate School 'interference & intimidation.'"  Compl. at 14, ¶ 18A.  Proof of damages requires a plaintiff to "prove both the fact and the amount of damage."  *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1407 (9th Cir. 1993), *abrogated on other grounds by SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc) (per curiam).  "Damages that are speculative, remote, imaginary, contingent, or merely possible cannot serve as a legal basis for recovery."  *Lumens Co. v. GoEco LED LLC*, No. SA-cv-1401286-CJC-DFMX, 2018 WL 1942768, at *6, n.7 (C.D.

Cal. Jan. 3, 2018), *aff'd*, 807 F. App'x 612 (9th Cir. 2020) (noting in the parties' cross-motions for summary judgment, the defendant's promises to provide data and admissible evidence at trial did not relieve the defendant of its burden to present admissible evidence to meet its burden on summary judgment).

While Plaintiff is not required to prove damages at the pleading stage, his complaint does not plead facts to allow the Court to plausibly infer he has sustained **$75,000.00** in damages, much less **$300,000.00**, in damages to satisfy the amount in controversy for federal jurisdiction.  For example, Plaintiff pleads no facts making it plausible he suffered a loss of enjoyment of life or that his graduate schooling was interfered with in any way.  Fourth, Plaintiff seeks "loss of 2022, projected self-employment earnings."  Compl. at 14, ¶ 18A.  Yet, in Plaintiff's IFP application, he listed no income or projected income.  As such, he has no basis to seek uncertain and unknown earnings.  He also pleads no facts indicating how Defendants' behavior caused any interference with his projected self-employment earnings.

Thus, the Court also finds dismissal appropriate on the basis that Plaintiff has failed to plead sufficient facts to allow the Court to plausibly infer the amount in controversy has been met in this case.  *See, e.g.*, *Gottschalk v. City & Cty. of S.F.*, 964 F. Supp. 2d 1147, 1158 (N.D. Cal. 2013) (granting a motion to dismiss for failure to comply with Rule 8(a) where "[i]n many places, Plaintiff fails to plead any factual basis for her claims," while "[i]n others, the facts she pleads are conclusory, of unclear relevance, or so bizarre as to be entirely implausible").

Finally, a search of Public Access to Court Electronic Records ("PACER") shows that since September 5, 1986, "Jerome L. Grimes" has been a plaintiff in 591 cases[4] before

---

[4]     In addition to this case, these include at least one case before the Third Circuit Court of Appeals, two cases before the Fifth Circuit Court of Appeals, 14 cases before the Ninth Circuit Court of Appeals, two cases before the Tenth Circuit Court of Appeals, three cases before the Eleventh Circuit Court of Appeals, at least five case before the Central District of California, 17 cases in the Eastern District of California, at least 97 cases before the Northern District of California, 13 cases before the Colorado District Court, 16 cases before

the federal courts.  *See Langer v. Kiser*, 495 F. Supp. 3d 904, 911 (S.D. Cal. 2020) (taking judicial notice of the fact that the plaintiff had been a plaintiff in 1,498 other federal cases); *see also* Fed. R. Evid. 201(b)(1)-(2) (providing that at any stage of a proceeding, courts may take judicial notice of (1) facts not subject to reasonable dispute and "generally known within the trial court's territorial jurisdiction" and (2) adjudicative facts, which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *see also Asdar Group v. Pillsbury, Madison & Sutro*, 99 F.3d 289, 290, fn. 1 (9th Cir. 1996) (taking judicial notice of court records).  The Court also takes judicial notice of the fact that on December 9, 2005, the Northern District of California declared Plaintiff a vexatious litigant and "issued a pre-filing order concerning cases brought by him." *Grimes v. Schreader*, No. C 08-1241 CW, 2008 WL 4291470, at *1 (N.D. Cal. Sept. 18, 2008).  For example in *Grimes v. Sprint, PCS*, No. C 00-2321 CRB, 2001 WL 30536, at *1 (N.D. Cal. Jan. 2, 2001), the Court noted that "Plaintiff, who [was] proceeding *in forma pauperis,* ha[d] filed more than thirty lawsuits in the United States District Court for the Northern District of California," and "[t]he Court has sua sponte dismissed most of plaintiff's complaints."  It reiterated that "in July 2000, the Court declared plaintiff a vexatious litigant and enjoined plaintiff from filing any further actions in this Court without first obtaining leave of the general duty judge of the Court." *Id.*  In the present case, the Court bears in mind that Plaintiff has been declared a vexatious litigant by other districts within the Ninth Circuit and cautions that if he begins his trend of filing unmeritorious

---

the District of Columbia District Court, 26 cases before the Florida Middle District Court, two cases before the Florida Northern District Court, one case before the Georgia Northern District Court, two cases before the Kentucky Eastern District Court, two cases before the Louisiana Middle District Court, 11 cases before the Louisiana Western District Court, 16 cases before the Maryland District Court, one case before the New Hampshire District Court, two cases before the New Jersey District Court, three cases before the Nevada District Court, one case before the New York District Court, 5 cases before the Oklahoma Western District Court, one case before the Oregon District Court, one case before the South Dakota District Court, one case before the Tennessee Western District Court, and three cases before the Texas Northern District Court.

1  cases within the Southern District, he may be subjecting himself to a similar outcome.

2              **3.   *Plaintiff has Failed to Establish Standing***

3          Article III of the United States Constitution limits the subject-matter jurisdiction of

4  federal courts to justiciable "cases" and "controversies."  U.S. Const., Art. III, § 2.  The

5  United States Supreme Court has held that for a case to meet the justiciability requirement,

6  a plaintiff must show (1) standing; (2) that the case is ripe; (3) the case is not moot; and

7  (4) the case does not involve a political question.  *See, e.g.*, *DaimlerChrysler Corp. v.*

8  *Cuno*, 547 U.S. 332, 335 (2006) ("The doctrines of mootness, ripeness, and political

9  question all originate in Article III's 'case' or 'controversy' language, no less than

10  standing does.").

11          In order to bring a case in federal court, a plaintiff must demonstrate he or she has

12  "standing."  U.S. Const. art. III; *Clapper v. Amnesty Intern. U.S.A.*, 568 U.S. 398, 408

13  (2013).  "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable

14  to the challenged conduct of the defendant, and (3) that is likely to be redressed by a

15  favorable judicial decision."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised*

16  (May 24, 2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

17  "Standing focuses on whether a plaintiff has a 'personal stake' in the action such that she

18  will be an effective litigant to assert the legal challenge at issue."  *Townley v. Miller*, 722

19  F.3d 1128, 1135 (9th Cir. 2013).  The United States Supreme Court has explained the

20  concept of standing as follows:

21          To establish Article III standing, an injury must be concrete,
           particularized, and actual or imminent; fairly traceable to the
22          challenged action; and redressable by a favorable ruling.
           Although imminence is concededly a somewhat elastic concept,
23          it cannot be stretched beyond its purpose, which is to ensure that
           the alleged injury is not too speculative for Article III purposes—
24          that the injury is certainly impending.  Thus, we have repeatedly
25          reiterated that 'threatened injury must be certainly impending to
           constitute injury in fact, and that [a]llegations of possible future
26          injury' are not sufficient.
27
28  *Clapper*, 568 U.S. at 409 (internal citations and quotations omitted).

It does appear from the Complaint that Plaintiff has a personal stake in this action. *See Townley*, 722 F.3d at 1135.  Plaintiff contends that Defendants tampered with his Vehicle, which caused him injury in the form of out-of-pocket costs.  Compl. at 2. However, Plaintiff does not adequately allege injury in fact.  He does not allege facts sufficiently stating how Defendants' tampering with his Vehicle caused him emotional pain and suffering, interfered with his graduate school, or impacted his future earning capacity. As a result, Plaintiff has not pleaded a "concrete, particularized, and actual or imminent" injury because he has not alleged that he was physical injured in any way and has not pled facts to plausibly allow the Court to infer that—other than his $200.00 repair costs, which do not met the federal amount in controversy requirement, Plaintiff has sustained any other actual damages. *See Clapper*, 568 U.S. at 409.  Accordingly, Plaintiff's Complaint must be dismissed for the additional reason that he lacks standing to maintain the present action.

## B.    IFP Motion

Because the Court has decided that it must dismiss Plaintiff's complaint, it **DENIES** Plaintiff's IFP motion *without prejudice* as moot.  *See*, *e.g.*, *Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009) (concluding "that an issue is moot when deciding it would have no effect within the confines of the case itself").

## IV.    CONCLUSION

Prior to dismissing a *pro se* complaint, a district court should provide the *pro se* litigant a statement explaining the complaint's deficiencies along with leave to amend the complaint.  *Karim-Panahi*, 839 F.2d at 623-24.  Accordingly, **IT IS HEREBY ORDERED** that:

1.    Plaintiff's IFP motion is **DENIED** *without prejudice* as moot given the dismissal of the complaint.

2.    Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

3.    Plaintiff is **GRANTED <u>thirty (30) days</u>** from the date on which this Order is electronically docketed in which to reopen his case by filing an amended complaint, at which point the Court will reconsider his IFP motion.  Plaintiff is advised that failure to

timely file an amended complaint will result in entry of a judgment of dismissal without further notice.

Any amended filing must be complete in itself, without reference to Plaintiff's original Complaint.  Any claim not re-alleged in Plaintiff's amended complaint will be considered waived.  *See* CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").  If Plaintiff fails to pay the $402.00 filing fee in full, this action will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without further Order of the Court.

**IT IS SO ORDERED.**

DATED:    March 30, 2022

_____

**HON. LINDA LOPEZ**

United States District Judge

21cv2071-LL-KSC